Opinion by
Mr. Justice McWilliams.
Pete M. Lucero, Jr., as beneficiary, brought suit against the American National Insurance Company, the insurer, alleging that he was the named beneficiary in two Weekly Premium Industrial Twenty-Year Payment Life Policies in the amount of $500 each theretofore issued by the insurer to his father, Pete M. Lucero, Sr.; that the insured died while both of the aforementioned policies were in full force and effect; that upon demand the insurer refused to make payment in accordance with the terms of said policies and he accordingly prayed for judgment in the amount of $1,000.
By answer the insurer admitted the issuance of the two policies in question, but alleged that as of the date of death of the insured neither policy was in force and effect for the reason that each had theretofore lapsed because of non-payment of premiums and neither had ever thereafter been reinstated.
Upon trial to the court it was clearly established that each of these policies had in fact lapsed because of non-payment of premiums and the present controversy narrows down to a determination of the legal significance of the undisputed fact that about two weeks prior to his death the insured tendered to the local agent of the insurer the sum of $5.20, which tender was accepted, “conditionally,” by the local agent. In this connection the record discloses that when the insured tendered the $5.20 he was informed by the agent for the insurer that both of his policies had lapsed due to non-payment of premiums and that “it would take $13.00 [not $5.20] in order to make a reinstatement and send it to the home office for approval or rejection . . .” On this occasion the agent for the insurer accepted the $5.20 and issued a *213 “conditional receipt” therefor, the insured stating that he would return within four days with the remaining $7.80. This he did not do, and died some fifteen days thereafter.
On this evidence the trial court found that the two policies upon which this action is predicated had in fact lapsed and further that neither had ever thereafter been reinstated in the manner required by the reinstatement clause contained in each of the policies. Accordingly, the trial court entered a judgment of dismissal and the beneficiary now seeks reversal of the judgment.
The record before us amply supports the several findings of fact made by the trial court and there being no challenge to any of the long-standing legal principles which govern the disposition of the controversy, any extended comment is not only unnecessary but would contribute nothing to the already vast field of legal literature.
The judgment is therefore affirmed.
Mr. Justice Moore and Mr. Justice Hall concur.